[J-27-2015][M.O. – Eakin, J.]

# IN THE SUPREME COURT OF PENNSYLVANIA
## MIDDLE DISTRICT

COMMONWEALTH OF PENNSYLVANIA,     :    No. 120 MAP 2014

         : 

       Appellee         :    Appeal from the Order of the Superior

         :    Court dated 3/26/14 at No. 998 MDA

         :    2013 affirming the judgment of sentence

       v.            :    of the Cumberland County Court of

         :    Common Pleas, Criminal Division,

         :    entered 5/7/13 at No. CP-21-CR-2182-

         :    2012

JASON ANDREW DOUGHTY,        : 

         : 

       Appellant        :    ARGUED: April 7, 2015

## CONCURRING OPINION

**MR. CHIEF JUSTICE SAYLOR**                 **DECIDED: November 18, 2015**

I agree with the majority that the Court in *Commonwealth v. Brachbill*, 520 Pa. 533, 555 A.2d 82 (1989), incorrectly superimposed one of Section 4952's enhancement criteria upon the substantive provisions defining the core elements of the offense, thereby inappropriately permitting the Commonwealth to establish "intimidation" via the mere fact of an inducement. *See* Majority Opinion, *slip op.* at 10-11. I have difficulty with the majority opinion, however, to the extent it suggests that the enhanced grading provision applies only where an act of inducement itself also has the effect of intimidating. *See id.* at 11 ("The legislature did not state that inducements cannot suffice to constitute intimidation; it said the opposite."); *id.* ("Whether an offer of a pecuniary or other benefit contains sufficient indicia of intimidation is to be determined by the fact finder[.]").

The jurors in the present case were not instructed to determine whether the inducement which Appellant offered to his wife had an intimidating effect. Instead, the charge issued by the trial court identified intimidation and inducement as independent elements of the overarching felony-three offense, as follows:

> The defendant has been charged with intimidation of a witness or victim. To find the defendant guilty of this offense, you must find that *each of the following elements has been proven beyond a reasonable doubt*:
>
> First, that *the defendant intimidated or attempted to intimidate* a witness or victim into withholding testimony or information relating to the commission of a crime from a law enforcement officer, prosecuting official, or judge.
>
> Second, that the defendant did so with the intent to, or with the knowledge that his conduct would, obstruct, impede, impair, prevent, or interfere with the administration of criminal justice; and
>
> Third, that *the defendant offered any pecuniary or other benefit* to the witness or victim.

N.T., May 7, 2013, at 184-85 (emphasis added). To my mind, this approach is consistent with the governing statute.[1]

I also believe some reflection is due concerning the appropriate contexts in which this Court will act to overrule its own previous opinions. Ordinarily, I would not be inclined to consider overturning a decision which has no present controlling effect. Along these lines, I do not see that it is truly necessary at this time to address *Brachbill*'s holding, given that the jury at Appellant's trial received a charge which

---

[1] Parenthetically, the prosecution apparently proceeded on an all-or-nothing basis relative to the aggravated crime, as the Commonwealth does not appear to have sought an instruction which would have afforded the jurors the opportunity to return a verdict on the core offense (carrying the grade of a second-degree misdemeanor).

tracked the statutory elements of the offense in issue (rather than *Brachbill*'s reformulation of it), and since sufficient facts were presented from which intimidation could be discerned exclusive of the inducement. *See Commonwealth v. Doughty*, CP-21-CR-2182-2012, *slip op.* at 2 n.7 (C.P. Cumberland July 30, 2013) ("[T]he Defendant's words and his tone produced a bumper crop that would feed a multitude. We have shared only a taste of Defendant's tirade."). Nevertheless, I find *Brachbill* to be so confounding -- in terms of the proper application of foundational principles of statutory construction in the criminal-law context -- that I support the majority's decision to proceed beyond what technically is necessary to the resolution of the present controversy, in furtherance of the broader administration of justice.